UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRED W. RICHARDSON,<br><br>                              Plaintiff(s),<br><br>            -against-<br><br>EVITA HINDS,<br><br>                              Defendant(s). | 18-CV-5345 (PMH)<br><br>**AMENDED ORDER GRANTING<br>PRO BONO COUNSEL** |

PHILIP M. HALPERN, United States District Judge:

The Court directs that the Clerk of Court seek pro bono counsel to enter a limited appearance for the purpose of conducting discovery and opposing Defendant's motion for summary judgment, if Defendant so moves, in the above-captioned action. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order

to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* Order dated June 22, 2018, ECF No. 4.) Plaintiff therefore qualifies as indigent.

In the complaint, Plaintiff asserts a claim under 42 U.S.C. § 1983, alleging that Defendant C.O. Hinds sexually assaulted him. On April 5, 2019, Judge Briccetti found that Plaintiff's claim is "likely to be of substance" and that the other *Hodge* factors weighed in favor of granting Plaintiff's application requesting pro bono counsel. (*See* ECF No. 25). On May 1,

2019, pro bono counsel entered appearances on behalf of Plaintiff. (Docs. 28, 29). This case was transferred to me on March 17, 2020.

Subsequently, and after completing certain discovery, Plaintiff's pro bono counsel filed a request to withdraw their representation citing a conflict of interest. (Doc. 55 at 1). Pro bono counsel "renew[ed] Mr. Richardson's request for this Court's assistance in obtaining pro bono counsel" and stated that "although our representation has been limited in scope as set forth in the April 5 Order, we believe in the merits of Mr. Richardson's claim and strongly believe that the appearance of pro bono counsel for Mr. Richardson in this action would serve the interests of justice." (*Id.* at 2). The Court granted pro bono counsel's request to withdraw their representation on July 8, 2020. (Doc. 56).

The Court held a telephonic status conference on August 25, 2020 during which *pro se* Plaintiff and counsel for Defendant appeared. During the conference the parties informed the Court that certain limited discovery remains outstanding, including Plaintiff's deposition and possibly the review and production of certain medical records. Additionally, counsel for Defendant indicated that summary judgment motion practice after the close of discovery is possible.

Given the stage of the proceedings, and Judge Briccetti's previous finding that Plaintiff's claim has merit, the Court requests that counsel appear for the limited purpose of defending Plaintiff's deposition, completing document discovery, and opposing Defendant's motion for summary judgment, if such a motion is ultimately filed. In addition, pro bono counsel may engage in settlement discussions.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The Pro Bono Fund is

especially intended for attorneys for whom pro bono service is a financial hardship. *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

Pro bono counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this order. Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Plaintiff for the limited purposes described above. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case without an attorney.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk shall mail a copy of this Order to Plaintiff at the address on the docket.

SO ORDERED.

Dated:   August 25, 2020
         New York, New York

_____
PHILIP M. HALPERN
United States District Judge